SECOND DEPARTMENT, MAY TERM, 1894.    [Vol. 78.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs against Annie Leonard, administratrix.

In the Matter of the Judicial Accounting of ALBERT PAYNE and Another, as Executors, etc., of SILAS W. PAYNE, Deceased.

*Inventory of an estate — correction of.*

If a note is put in the inventory of an estate by mistake it is proper to correct the inventory by striking it therefrom before the filing of such inventory.

APPEAL by Albert Payne and another, as executors, etc., of Silas W. Payne, deceased, from a decree of the Surrogate's Court of the county of Suffolk, entered in the office of the clerk of the Suffolk County Surrogate's Court on the 20th day of November, 1893, charging the executors with the amount of a certain note and interest thereon, and with the interest on certain money deposited in a bank.

*Wilmot M. Smith*, for the executors, appellants.

*Timothy M. Griffing*, for Sarah R. Ketcham, legatee, respondent.

PRATT, J.:

The respondent herein seems to rely mainly upon the statement that the note in controversy was returned in the inventory as part of the estate of the deceased, and was sworn to as such.   But this is not true as a matter of fact; on the other hand, it clearly appears that this item was stricken from the inventory before it was filed. It is said it was sworn to before it was amended by striking out this item, and, hence, it must be regarded, conclusively, to be an asset of the estate.   If, however, it was put in the inventory by mistake it was proper to make the correction, and it was done.

The weight of evidence seems clearly to show that the testator intended to give one-half of the property which he conveyed to his son on Oxford street, reserving only the interest on one-half of the purchase money.   This is proved by the written agreement as well as by the declarations of the testator.   It is a just inference that the mortgage was satisfied and the note in question given to carry said agreement to pay the testator the interest during life.   Such a theory is the only one consistent with all the facts.

The testator, so far as appears, was a man of small means comparatively, and if he had advanced the $2,000 for which the note was given, it seems incredible that some one of the family should not be aware of the fact and able to explain or prove the transaction.   We think the fair inference is that the note, although absolute in form, was given simply as security for performance of the obligation to pay interest during the lifetime of the testator, and that the same was in legal effect canceled at his death.

For this error the decree must be reversed, with costs.

DYKMAN, J., concurred.

BROWN, P. J.:

I concur, but the decree should be modified and not reversed.

Decree reversed, so far as executors are charged with $2,000 and interest.   In other respects affirmed, with costs to appellants.